IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MIRIAM GRICEL RIVERA DÍAZ,<br><br>Plaintiff,<br><br>v.<br><br>PLAN DE BIENESTAR UTM-PRSSA, INC.,<br><br>Defendant. | CIVIL NO.: 10-1503 (MEL) |

**OPINION AND ORDER**

On June 8, 2010, defendant Plan de Bienestar UTM-PRSSA, Inc. ("defendant" or "UTM-PRSSA") removed the instant action, which plaintiff Miriam Gricel Rivera Díaz had originally filed in the Commonwealth of Puerto Rico Court of First Instance, San Juan Part (Civil No. KPE2010-1687 (903)) seeking compensation under Puerto Rico Law No. 80 of May 30, 1976 ("Law 80") and damages under Law 100 of June 30, 1959 ("Law 100"). (Docket Nos. 1, 3, 6-1). For the reasons set forth below, the case must be remanded to the Commonwealth court for lack of subject-matter jurisdiction.

Defendant states that it is a "pension plan" created by a collective bargaining agreement between the Puerto Rico Shippers Association and various unions to provide health services to union members. (Docket No. 3, p. 2, ¶ 4a). Plaintiff worked for defendant as a nurse for twenty-four years. (Docket Nos. 6-1, 19, p. 9). On June 30, 2009, plaintiff was laid off because UTM-PRESSA closed its regional office in Ponce where plaintiff worked. (Docket No. 19, p. 2). Plaintiff claims, however, that she was also employed by defendant's San Juan regional office, which was not closed, and that defendant thus should have relocated her to the San Juan office instead of terminating her. Id. Because defendant did not relocate her, and because the San Juan

1

office retained younger employees with less seniority than plaintiff, plaintiff alleges that she was a victim of age discrimination in violation of Law 100 and that her former employer owes her the compensation that Law 80 mandates employers pay to wrongfully dismissed employees. (Docket No. 19, p. 2-3, 5-6; Docket No. 6-1, ¶ 2-).

Defendant, on the other hand, claims that plaintiff's termination was justified because she was an employee of UTM-PRSSA's Ponce office only, having worked at the San Juan office solely for temporary trainings and meetings.  (Docket No. 6-2; Docket No. 19, p. 4-5). Defendant contends that it was forced to close the Ponce office for economic reasons and that plaintiff's termination was therefore justified under Law 80.  Because plaintiff's dismissal was a "legitimate business decision," defendant further argues that she cannot prove that it was motivated by age discrimination in violation of Law 100.  (Docket No. 19, p. 7-8).  At issue in this case, then, is whether plaintiff was in fact employed by only the Ponce office such that her dismissal was justified under Law 80 and, if not, whether the dismissal was based on age discrimination in violation of Law 100.

In its notice of removal, defendant contends that this court has jurisdiction over the action because UTM-PRSSA is an "employee benefit plan" within the meaning of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. ("ERISA"), and because plaintiff's salary is paid from the contributions from the insured union members' contributions to the plan.  Therefore, defendant reasons that plaintiff's state law claims under Law 80 and Law 100 "relate to" an employee benefit plan within the meaning of ERISA's express preemption provision, § 514, and that ERISA thus preempts those state law claims conferring federal jurisdiction and justifying of removal.[1]  In response to the court's order of June 1, 2012,

---

[1] Section 514 of ERISA provides that the Act "shall supersede any and all State laws insofar as they may now or hereafter relate to any and all employee benefit plan described section 1003(a) of [ERISA]." 29 U.S.C. § 1144.

2

defendant further explained that any judgment owed to plaintiff if she were to prevail would be paid from the funds of the employee benefit plan that previously employed her. (Docket No. 39, p. 3). Defendant continued that although the state law upon which plaintiff's complaint relies "does not directly regulate pension plan[s] in general," courts have held that certain state laws that indirectly regulate pension plans may "relate to" an employee benefit plan as per ERISA § 514, and are thus preempted.

In response, plaintiff expressed doubt as to whether her claim does in fact relate to an employee benefit plan in the manner required by ERISA § 514. Plaintiff points out that she is not seeking any remedy under ERISA nor has she alleged a violation of any of ERISA's provisions. (Docket No. 40, p. 2, ¶ 2). She argues that the Supreme Court has held that laws having indirect economic effects on an ERISA plan do not sufficiently "relate to" an employee benefit plan so as to result in preemption by Section 514. Id. (citing New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645 (1995)). In light of this jurisprudence, plaintiff challenges defendant's assertion that the "mere fact that a judgment would be paid from the plan's assets would trigger the preemption clause," and concludes ERISA preemption of her state law claims is "questionable." Id. at 4, ¶ 6.

The parties mistakenly focus their analysis of this court's jurisdiction on ERISA § 514 rather than § 502. It is well-settled that preemption under § 514 alone cannot give rise to federal jurisdiction because complete preemption by ERISA occurs only when the state law is also preempted by ERISA § 502, the Act's civil enforcement provision. See Danca v. Private Health Care Systems, Inc., 185 F.3d 1, 5 (1st Cir. 1999) ("Standing alone, the likelihood or even certainty of defendants' raising a colorable § 514 preemption defense is no basis for federal jurisdiction.") (citing Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 64 (1987)). Neither party has

3

discussed whether plaintiff claim falls within the scope of ERISA § 502, and the court finds that it does not. As an initial matter, however, it is important to highlight the significance of complete preemption to the propriety of removal to federal court.

A defendant may remove a case filed in state court only when the action could have been originally filed in federal court. 28 U.S.C. § 1441; Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). The defendant has the burden to demonstrate the basis for federal jurisdiction and removal statutes are strictly construed against the exercise of federal jurisdiction. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–09 (1941); Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) ("[A]ll doubts should be resolved in favor of remand.") (citation omitted). In the notice of removal, a defendant has the burden to make a "colorable" showing that federal jurisdiction exists. BIW Deceived v. Local S6 Industrial Union of Marine & Shipbuilding Workers of America, IAMAW District Lodge 4, 132 F.3d 824, 831 (1st Cir. 1997).

Generally, federal question jurisdiction exists only if the plaintiff's claim for relief rests upon a federal right that is presented on the face of the complaint. Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9-10 (discussing the "'well-pleaded complaint' rule—which as a practical matter severely limits the number of cases in which state law 'creates the cause of action' may be initiated in or removed to federal district court"). The well-pleaded complaint rule makes the plaintiff the "master of the claim" and allows her to "avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc., 482 U.S. at 392. An exception to this general rule exists when the plaintiff's claim is completely preempted by federal law. See Avco Corp v. Machinists, 390 U.S. 557 (1968). Complete preemption occurs if "Congress so strongly intended an exclusive federal cause of action that what plaintiff calls a

state law claim is to be re-characterized as a federal claim." Fayard v. Northeast Vehicle Svcs., LLC, 553 F.3d 42, 45 (1st Cir. 2008).

Unlike complete preemption, "ordinary" or "conflict" preemption does not provide a basis for removal jurisdiction, but only an affirmative defense to a plaintiff's claim. See Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987) ("As a defense, [conflict preemption] does not appear on the face of a well-pleaded complaint and, therefore, does not authorize removal to federal court."). As the First Circuit has explained:

> Complete preemption is a short-hand for the doctrine that in certain matters Congress so strongly intended an exclusive federal cause of action that what a plaintiff calls a state law claim is to be *recharacterized* as a federal claim. A federal claim, of course, falls within the district court's federal question jurisdiction, 28 U.S.C. § 1331; Am. Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916), so permitting removal. By contrast, ordinary preemption—*i.e.,* that a state claim conflicts with a federal statute—is merely a *defense* and is not a basis for removal. Gully v. First Nat'l Bank, 299 U.S. 109 (1936).

Id. at 45. Once again, a state law claim is completely preempted by ERISA only if it falls within the Act's civil enforcement provision, § 502. See Metro. Life Ins. Co., 481 U.S. at 66 ("Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) removable to federal court."); Danca, 185 F.3d at 4-5 ("ERISA § 514 is not relevant to the complete preemption analysis; courts look instead only to ERISA §502(a)."); Flagg v. Ali-Med, Inc., 728 F. Supp. 2d 1, 5 (D. Mass. 2010) ("In the ERISA context, the scope of conflict preemption is not contiguous with the scope of complete preemption—the latter is understandably much narrower."). This is so because § 514 merely provides for exclusive federal regulation of employee benefit plans, whereas § 502 provides a mechanism for enforcing one's rights under that regulatory scheme. As the First Circuit has explained, "[t]he Supreme Court decisions finding complete preemption share a common

5

denominator: exclusive federal regulation of the subject matter of the asserted state claim coupled with a federal cause of action for wrongs of the same type." Fayard, 533 F.3d at 46 (citations omitted). Therefore, exclusive federal regulation is not enough—"it is the further presence of a counterpart federal cause of action that allows the state claim to be transformed into a federal one." Id.

ERISA § 514 is the Act's express preemption provision, providing that ERISA supersedes "any and all state laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Section 502(a), by contrast, lays out the various causes of action that may be asserted under ERISA. 29 U.S.C. § 1132(a). In determining whether plaintiff's claims are completely preempted by ERISA, then, the court must determine if it "falls within the scope of § 502(a)." Valentín Muñoz v. Island Finance Corp., 364 F. Supp. 2d 131, 135 (D.P.R. 2005). This means that "if an individual at some point in time could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely preempted by ERISA." Aetna Health Inc. v. Dávila, 524 U.S. 200, 210 (2004). Section 502(a)(1)(B) of ERISA allows an individual to bring a civil action to "recover benefits due to him under the terms of his plan, enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Plaintiff could not have brought her claims under this provision because she does not allege that she was covered by an employee benefit plan, nor does she seek to recover any benefits owed to her under such a plan.[2] She merely seeks compensation and damages from her former employer for

---

[2] All of the other causes of action listed under ERISA § 502 also all relate to employees' rights under employee benefit plans. See 29 U.S.C. § 1132(a)(1)(A) (failure to provide requested information or annual report); § 1132(a)(2) (breach of fiduciary duty); § 1132(a)(3) (equitable relief for violations of ERISA or terms of a plan); § 1132(a)(4) (failure to provide individual plan statement); § 1132(a)(5) (civil action by the Secretary); § 1132(a)(6)

an allegedly wrongful and discriminatory termination of her employment. The mere fact that her former employer happens to be an employee benefit plan does not convert her action into one that seeks benefits under such a plan.

"To establish complete preemption, defendants must show that the state cause of action falls within the scope of ERISA § 502(a). For this to occur, the state law must be properly characterized as an 'alternative enforcement mechanism' of ERISA § 502 or of the terms of an ERISA plan." Danca, 185 F.3d at 5 (citations omitted). Because plaintiff's claims under Law 80 and Law 100 cannot be characterized as an alternative enforcement mechanism for any of the claims listed in ERISA § 502, plaintiff's claims are not completely preempted by ERISA.[3] As ERISA does not provide a basis for removal jurisdiction, and as defendant has alleged no other basis for federal jurisdiction, the court lacks authority to exercise subject-matter jurisdiction over this action. Accordingly, the case is REMANDED to the Commonwealth of Puerto Rico Court of First Instance, San Juan Part.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 4th day of June, 2012.

s/Marcos E. López
U.S. Magistrate Judge

---

(civil penalty by the Secretary); § 1132(a)(7) (civil action by the State); § 1132(a)(8) (benefit plan funding notices); § 1132(a)(9) (purchases of insurance contract or annuity); or § 1132(a)(10) (multiemployer plan certified to be endangered). Plaintiff's claims do not fall within the scope of any of these provisions either.

[3] The instant case is distinguishable from. Ingersoll-Rand Co. v. Mclendon, 498 U.S. 133 (1990), in which the Supreme Court held that ERISA completely preempted a state common law cause of action for wrongful discharge. The state law at issue in Ingersoll allowed recovery if an employee could establish that the principal reason for his termination was "the employer's desire to avoid contributing to or paying benefits under the employee's pension fund." Id. at 136. ERISA § 510 makes it unlawful for an employer to take an adverse employment action for the purpose of interfering with an employee's rights to benefits under an ERISA plan. Because a violation of § 510 may be enforced via § 503, the Court held that § 501 completely preempted the state cause of action because it "unquestionably . . . purport[ed] to provide a remedy for the violation of a right expressly guaranteed by § 510 and exclusively enforced by § 502." 498 U.S. at 145. Although Law 80 is also a wrongful discharge action, here, by contrast, it is not being used to remedy a violation of an employer's interference with an employee's rights to benefits under an ERISA plan. To reiterate, plaintiff does not allege that she was covered by any employee benefit plan nor does she seek benefits under such a plan.